UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 16-6964 DMG (JEMx)** | Date | October 5, 2016 |
|---|---|---|---|

| Title | *Felicia Enriquez v. Stericycle, Inc., et al.* | Page | 1 of 2 |
|---|---|---|---|

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION**

On August 12, 2016, Plaintiff Felicia Enriquez filed a complaint against Defendants Stericycle, Inc. and David Steele in the Los Angeles County Superior Court. ("Notice of Removal") ¶ 1 [Doc. # 1.] On September 16, 2016, Stericycle removed the case to this Court on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332(a). *Id.* at 1.

Diversity jurisdiction under 28 U.S.C. § 1332 requires that the parties to the suit are of diverse citizenship. *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)) ("Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff."). "The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)). There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*) (internal quotation marks omitted)).

Stericycle argues that Defendant Steele must be disregarded for purposes of diversity because he is a "sham" defendant. Notice of Removal ¶¶ 9-16. "It is a commonplace that fraudulently joined defendants will not defeat removal on diversity grounds." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Morris v. Princess Cruises, Inc.*,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 16-6964 DMG (JEMx)** | Date | October 5, 2016 |
|---|---|---|---|
| Title | *Felicia Enriquez v. Stericycle, Inc., et al.* | Page | 2 of 2 |

236 F.3d 1061, 1067 (9th Cir. 2001) (quoting *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)).

According to Stericycle, because Steele—Plaintiff's supervisor—is not considered an "employer" for the purposes of California Labor Code sections 1198.5 and 226(b), Plaintiff's causes of action under those sections against Steele fail as a matter of law. Notice of Removal ¶¶ 14-15. Additionally, Stericycle asserts that because Plaintiff did not identify allegations against Steele in her administrative complaint against Stericycle, she cannot allege a valid harassment claim against Steele under FEHA. *Id.* ¶¶ 11-13.

A defendant, however, must show that "there is *no possibility* that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant." *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (internal citations omitted; emphasis added). Further, "[r]emand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure the purported deficiency." *Id.* "Fraudulent joinder must be proven by clear and convincing evidence," and "there is a general presumption against fraudulent joinder." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). Here, it does not appear that Stericycle has established that Steele is a sham defendant.

Stericycle is hereby **ORDERED TO SHOW CAUSE** ("OSC") why this action should not be remanded to Los Angeles County Superior Court for lack of subject matter jurisdiction. Stericycle shall file its response by no later than **October 12, 2016**. Plaintiff may file a reply by no later than **October 19, 2016**.

**IT IS SO ORDERED.**