UNITED STATES DISTRICT COURT      JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 16-6964 DMG (JEMx)** | Date | October 28, 2016 |
| Title | *Felicia Enriquez v. Stericycle, Inc., et al.* | Page | 1 of 4 |

Present: The Honorable      DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER REMANDING CASE TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION**

     The Court incorporates its description of the standards for diversity jurisdiction, removal, and fraudulent joinder from its October 5, 2016 Order to Show Cause. *See* Doc. # 10 ("'Fraudulent joinder must be proven by clear and convincing evidence,' and 'there is a general presumption against fraudulent joinder.' *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).").

**I.
ANALYSIS**

**A.    Exhaustion of Administrative Remedies**

     "Allegations of discrimination not included in the plaintiff's administrative charge may not be considered by a federal court unless the new claims are 'like or reasonably related to the allegations contained in the EEOC charge.'" *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1100 (9th Cir. 2002) (internal citations omitted). A district court's subject matter jurisdiction extends to "all allegations of discrimination that either fell within the scope of the EEOC's *actual* investigation or an EEOC investigation which *can reasonably be expected* to grow out of the charge of discrimination." *Id.* (internal citation and quotation marks omitted) (emphasis in original); *see also Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir. 1990) ("[the court] must inquire whether the original EEOC investigation would have encompassed the additional charges made in the court complaint but not included in the EEOC charge itself") (internal quotations omitted). Claims are reasonably related to complaints filed with the EEOC when it is necessary to address them in order for the EEOC to investigate the complaint. *See Freeman v. Oakland Unified School Dist.*, 291 F.3d 632, 637 (9th Cir. 2002); *E.E.O.C. v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir. 1994). Courts are to consider civil claims reasonably related to allegations in the EEOC complaint "to the extent that those claims are consistent with the Plaintiff's original theory of the case." *B.K.B.*, 276 F.3d at 1100 (citing *Farmer Bros.*, 31 F.3d at 899).

UNITED STATES DISTRICT COURT  **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 16-6964 DMG (JEMx)** | Date | October 28, 2016 |
| Title | *Felicia Enriquez v. Stericycle, Inc., et al.* | Page | 2 of 4 |

Here, the key issue is whether Enriquez's racial harassment allegations against Defendant David Steele are like or reasonably related to the allegations contained in her original EEOC charge. In the instant Complaint, Enriquez, an African American woman, alleges that Steele retaliated against her for complaining of sexual harassment by supervisor Joe Gomez and made "racist comments regarding her hair and dress wear," including that she looked like "Aunt Jemima." Compl. ¶¶ 21, 24 [Doc. # 1].

Stericycle argues that Steele, Enriquez's supervisor at Stericycle and a citizen of California, Compl. ¶¶ 2, 19, is a sham defendant in part because Enriquez failed to exhaust her administrative remedies against him. According to Stericycle, Enriquez's EEOC charge "includes no allegations that Steele harassed Plaintiff, let alone harassed her on . . . account of race." Def. OSC Resp. at 5 [Doc. # 12]. It is true that the EEOC charge does not explicitly state that Steele made racially-charged comments against Enriquez. Nonetheless, the test is not whether Enriquez made particular allegations against Steele in the EEOC charge but whether the original EEOC investigation would have reasonably encompassed the racial harassment allegations in Enriquez's operative Complaint. The Court finds that that it would have.

Courts "construe the language of EEOC charges with utmost liberality since they are made by those unschooled in the technicalities of formal pleading." *B.K.B.*, 276 F.3d at 1100 (internal citations and quotation marks omitted). "In determining whether a plaintiff has exhausted allegations that she did not specify in her administrative charge, it is appropriate to consider such factors as the alleged basis of the discrimination, dates of discriminatory acts specified within the charge, perpetrators of discrimination named in the charge, and any locations at which discrimination is alleged to have occurred." *Id.*

In her EEOC charge, Enriquez identifies Steele as a person who contributed to a hostile work environment:

> On or about September 2014, I complained to Dave Steele & Ricardo Gonzalez [about harassment by Joe Gomez] and subsequently Joe Gomez had resigned. Since then I have been retaliated against in that I have been denied to [sic] accommodation of going to school and had the emotional struggles of being the victim of sexual harassment brought up on my evaluation by Dave Steele. Currently it is very hard to work. . . . No reason has been given to me for the hostile work environment.

UNITED STATES DISTRICT COURT     **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 16-6964 DMG (JEMx)** | Date | October 28, 2016 |
| Title | *Felicia Enriquez v. Stericycle, Inc., et al.* | Page | 3 of 4 |

Request for Judicial Notice, Ex. A ("EEOC Compl.") at 1 [Doc. # 12.]¹

      Enriquez goes on to precisely identify both racial and sexual discrimination as the problem: "I believe I have been discriminated against because of my race (black) and sex (female) and in retaliation for engaging in protected activity" in violation of federal law. EEOC Compl. at 2. At a minimum, Enriquez's racial harassment claim is consistent with her original theory of the case based on hostile work environment. *Compare* EEOC Compl. at 1 (checking "race" and "sex" boxes under "Discrimination is Based On" section) *with* Compl. ¶ 39 ("Plaintiff was subjected to hostile, intimidating and offensive work environment due to her race"). It should have been "reasonably expected" that, in response to the race and sex discrimination claims in the original charge, the EEOC would investigate whether Steele—an individual whom Enriquez's EEOC charge identified by name—engaged in racially discriminatory or harassing conduct against Enriquez, particularly in retaliation for reporting another Stericycle supervisor's misconduct. *See* EEOC Compl. at 1 (alleging Gomez "brush[ed] against my breasts and butt, telling me he wanted to lick and taste my lips . . . and at times even prevent[ed] me from leaving the room"). An EEOC investigation into Steele's role would have reasonably been expected to grow out of the discrimination charge, especially since Enriquez found it "[c]urrently . . . very hard to work" in the "hostile work environment," even after Gomez's resignation. Stericycle claims that the EEOC *did* conduct an investigation, but made no inquiry into the allegations now raised in Enriquez's complaint. That is not determinative, because the applicable standard is what was "reasonably expected," which is an objective standard.

      In short, Enriquez's racial harassment claim against Steele is reasonably related to the allegations contained in the original EEOC charge. As such, Enriquez has exhausted her administrative remedies with respect to Steele. Because Stericycle has failed to show by clear and convincing evidence that Steele is a sham defendant, the Court must consider his citizenship for the purposes evaluating diversity. Steele's California citizenship destroys diversity. *See* Compl. ¶¶ 1-2.
//

---

¹ The Court **GRANTS** Stericycle's request for judicial notice of Enriquez's April 9, 2015 EEOC Complaint, the Notice of Case Closure and Right to Sue letter issued by the California Department of Fair Employment and Housing, and the Dismissal and Notice of Rights document issued by the EEOC to Enriquez. *See* Fed. R. Evid. 201.

UNITED STATES DISTRICT COURT     **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 16-6964 DMG (JEMx)** | Date | October 28, 2016 |
|---|---|---|---|
| Title | *Felicia Enriquez v. Stericycle, Inc., et al.* | Page | 4 of 4 |

## II.
## CONCLUSION

In light of the foregoing, and given the strong presumption against removal jurisdiction, the Court **REMANDS** this action to the Los Angeles County Superior Court. The scheduling conference on December 9, 2016 is VACATED.

**IT IS SO ORDERED.**